UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND LANE,

            Petitioner,            Case No. 2:13-cv-90

v.                                           Honorable Robert Holmes Bell

MICHIGAN PAROLE BOARD,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition lacks merit.

Petitioner Raymond Lane, a state prisoner currently confined at the Ojibway Correctional Facility (OCF), filed this habeas corpus petition against the Michigan Parole Board. On April 1, 2013, Petitioner was ordered to file an amended petition on the requisite form. (Docket

#8.) On April 19, 2013, Petitioner filed an amended petition on the form provided by the court, but failed to complete the form. (Docket #9.) On the same day, Petitioner filed a motion to amend his petition and a statement of facts in support of the petition, as well as supporting exhibits. (Docket #10.) Petitioner's motion to amend his petition was granted.

According to the MDOC's Offender Tracking System, Petitioner is currently serving sentences of 20 to 40 years imprisonment for one count of assault with intent to rob while armed and two counts of armed robbery. These sentences began on August 7, 1984. Petitioner was also convicted of felony firearm and was sentenced to two years imprisonment on August 7, 1984. On October 23, 1996, Petitioner began serving a sentence of 6 to 10 years imprisonment for being a prisoner in possession of contraband. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=143051.

Petitioner attaches a "good time chart," and states that based on the chart, his 20 to 40 year sentence was due to expire in December 2002. (Docket #12-2, p. 6.) A review of the chart shows that it is merely an informational reference sheet, which shows the how much a prisoner's sentence could be reduced if he were credited with all of the possible good time credits. Petitioner also attaches a copy of the "time review and disposition" annual review form, which reflected Plaintiff's good time credit as of March of 2010. According to this form, Plaintiff had the following totals: 5 days good time not earned as a result of a major misconduct, 1143 days of previously forfeited time available for restoration, 396 days of previously forfeited time not available for restoration, and 8 days of special disciplinary credit or good time days available to be awarded. (Docket #12-3, p. 4.) The form also indicates that should Plaintiff receive all the available special and regular good time, his minimum outdate was November 5, 2010, and his maximum outdate was June 25, 2032. (Docket #12-3, p. 4.)

As noted above, Petitioner began serving sentences of 20 to 40 years on August 7, 1984. Because less than 40 years have passed since that date, it is clear that Petitioner has not served the maximum term of his sentences. Therefore, Petitioner's only claim is that his good time credits have not been properly awarded or calculated. The undersigned notes that Petitioner's claim does not present an issue cognizable in a federal habeas corpus petition. Federal courts do not have power to intervene on the basis of an alleged error of state law. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984). The State of Michigan has statutory provisions for calculating good time credits. *See* M.C.L. § 800.33. This is a matter of state law and presents no federal question. *See Bird v. Summit County, Ohio*, 730 F.2d 442, 444 (6th Cir. 1984) (per curiam); *Burns v. Crouse*, 339 F.2d 883, 884 (10th Cir. 1964) (per curiam), *cert. denied*, 380 U.S. 925 (1965). Thus, Petitioner's claim that he has been wrongfully denied good time credits under state law is not properly presented in a habeas petition.

For the foregoing reasons, I recommend that the habeas corpus petition be denied for lack of merit. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2013

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).