UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND LANE,

        Petitioner,

                                              File No. 2:13-CV-90

v.

                                              HON. ROBERT HOLMES BELL

MICHIGAN PAROLE BOARD,

        Respondent.

_____/

## **O P I N I O N**

This matter is before the Court on Petitioner Raymond Lane's objections to the Magistrate Judge's May 10, 2013, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears from the petition and the attached exhibits that the petition lacks merit. (Dkt. No. 13, R&R.) Petitioner filed objections to the R&R on May 14, 2013. (Dkt. No. 14.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner does not object to the Magistrate Judge's determination that his good time

arguments lack merit. Instead, Petitioner requests the Court to dismiss the good time arguments that were raised in his amended petition, and to address only the First and Fifth Amendment challenge to the parole system that he raised in his original petition. Petitioner's original petition was rejected by the Court because it was not on the proper form. Petitioner's original petition challenged the decision of the Michigan Parole Board to deny him parole solely because he refused to confess to the crimes of which he was convicted.

Petitioner has waived the First and Fifth Amendment arguments that were raised in his original petition. When Petitioner was ordered to file his § 2254 petition on the form petition provided by the Court, the Court included the following notice in bold font: **"Because the amended petition will take the place of the original petition, the amended petition must set forth all of the grounds for relief that Petitioner intends to raise."** (Dkt. No. 8, Order to File Amended Petition.) Petitioner filed an amended petition on the proper form (Dkt. No. 9), and a motion to amend, which was granted. (Dkt. Nos. 10, 11.) Neither of these filings contained the First and Fifth Amendment arguments that Petitioner now wants to proceed on. Accordingly, the Court finds that these arguments have been abandoned.

Even if this Court were to consider the argument raised in Petitioner's original petition that his Fifth Amendment and First Amendment rights were violated when he was denied parole solely because he exercised his right to remain silent by not admitting his culpability for the offense he was convicted of (Dkt. No. 1), the petition would nevertheless be subject

2

to dismissal for failure to state a claim on which relief can be granted.[1] Neither the First Amendment nor the Fifth Amendment is implicated by the Parole Board's alleged consideration of Petitioner's failure to accept responsibility for his underlying offense.

In *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 (6th Cir. Nov. 4, 1999), the Sixth Circuit rejected a similar First Amendment argument. The Court noted that a parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not force the prisoner to admit his guilt; the prisoner is free to maintain his innocence. *Id*. at *2. Moreover, to the extent that a prisoner's acceptance of responsibility for a crime infringes upon his First Amendment rights, "such a factor is reasonably related to a legitimate penological interest, rehabilitation, so consideration of that factor survives First Amendment scrutiny." *Id.*; *See also Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."); *Newman v. Beard*, 617 F.3d 775 (3d Cir.2010) (dismissing a prisoner's claim that the Parole Board's admission of guilt requirement violated the First Amendment because the requirement was reasonably related to legitimate penological interests).

In *Hawkins* the Sixth Circuit also rejected the argument that the alleged pressure on a prisoner to admit that he committed the crime for which he is incarcerated in order to

---

[1] Petitioner acknowledges that he has yet not presented his claims to the Michigan courts. However, because Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, Petitioner's failure to exhaust his parole denial claims with the state courts is excusable. *See Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir.2005).

improve his chances for parole forces a prisoner to incriminate himself in violation of the Fifth Amendment. 1999 WL 1023780, at *2 (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998)). As noted in *Woodard*, the fact that adverse inferences might be drawn from a prisoner's silence does not mean that his testimony is being compelled within the meaning of the Fifth Amendment. 523 U.S. at 286; *see also Rice v. Mich. Parole Bd.*, No. 1:05–cv–549, 2005 WL 2297463, at *3–4 (W.D.Mich. Sept.21, 2005) (holding that the Fifth Amendment extends only to proceedings in which answers might incriminate the individual in future criminal proceedings; therefore refusal to admit to crimes of which prisoner had already been convicted and which were no longer pending did not implicate Fifth Amendment).

For all these reasons, Petitioner's objections to the R&R will be overruled, the R&R will be adopted as the opinion of this Court, and Petitioner's habeas petition will be summarily dismissed with prejudice.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined

that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir.1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir.1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir.1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id*.

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An order and judgment consistent with this opinion will be entered.


Dated: October 22, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE